# EXHIBIT A

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN (11170)
FRANK J. JANECEK, JR. (156306)
CHRISTOPHER M. BURKE (214799)
MARY LYNNE CALKINS (212171)
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
patc@csgrr.com
frankj@csgrr.com
chrisb@csgrr.com
mcalkins@csgrr.com

BECK & LEE BUSINESS TRIAL
  LAWYERS
ELIZABETH LEE BECK (233742)
JARED H. BECK (233743)
28 West Flagler Street, Suite 555
Miami, FL 33130
Telephone: 305/789-0072
786/664-3334 (fax)
elizabeth@beckandlee.com
jared@beckandlee.com

Attorneys for Plaintiffs Soon Ja Chun,
Bernard Jung Kim and Elizabeth Bahn

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION | MDL No. 1891 |
| | No. CV-07-06542-SJO(AGRx) |
| This Document Relates To: | [PROPOSED] CASE MANAGEMENT ORDER NO. 1 |
| ALL INDIRECT PURCHASER ACTIONS. | |

[REVISED PURSUANT TO MARCH 14, 2008 ORDER]

**EXHIBIT A**

6

## APPLICATION OF THIS ORDER

1. The terms of this Order shall apply to this pending action on behalf of indirect purchasers of certain passenger air transportation brought under state law, as well as all later actions on behalf of indirect purchasers instituted in, removed to, or transferred to this Court as part of MDL No. 1891 or otherwise related to this action.

## CONSOLIDATION OF RELATED ACTIONS

2. Under the Master Docket for "*In re Korean Air Lines Ltd. Antitrust Litigation*," MDL No. 1891, the Clerk of the Court shall establish and maintain a Master File No. CV 07-06542 SJO (AGRx) (the "Indirect Purchaser Actions"). This action and any action brought on behalf of putative classes of indirect purchasers under state law later consolidated with this action shall be consolidated under the foregoing Master Docket and Master File case numbers. All orders, pleadings, motions and other documents should, when filed and docketed in the Master File, be deemed filed and docketed in each individual case.

3. The Indirect Purchaser Actions shall be subject to the following procedures:

    (a) When such a case is filed in, removed to, or transferred to this Court, the Clerk of the Court shall:

        (i) place a copy of this Order in the separate file for such action;

        (ii) mail a copy of this Order to counsel for plaintiffs in the newly filed or transferred action and to any defendants in the newly filed or transferred action; and

        (iii) make an appropriate entry on the Master Docket for the consolidated Indirect Purchaser Actions.

    (b) Each new case that arises, in whole or in part, out of the subject matter of the Indirect Purchaser Actions and that is filed in, removed to or

transferred to this Court shall be consolidated with the Indirect Purchaser Actions and this Order shall apply to that new action.

(c) Counsel shall call to the attention of the Clerk of the Court the filing, removal or transfer of any case that might properly be consolidated into the Indirect Purchaser Actions. Mailing or other delivery of a copy of this Order by defendants' counsel or plaintiffs' counsel, as appropriate, to the counsel in any newly filed or transferred actions shall constitute valid notice for purposes of establishing its applicability to such action in accordance with this Order.

## FILING AND DOCKETING PROCEDURES

4. The Indirect Purchaser Actions pleadings hereafter filed in MDL 1891 shall bear the following caption:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| In re KOREAN AIR LINES ANTITRUST LITIGATION | MDL No. 1891 |
| | MASTER FILE No.: CV 07-06542 SJO(AGRx) |
| This Document Relates To: ALL INDIRECT PURCHASER ACTIONS. | |

5. When a pleading or paper is intended to be applicable to all Indirect Purchaser Actions to which this Order is applicable, the words "All Indirect Purchaser Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading or paper is intended to be applicable only to some, but not all of such actions, this Court's docket number for each action to which the pleading or paper is intended to be applicable and the last name of the first-named plaintiffs in said action shall immediately appear after the words "This

8

Document Relates To:" in the caption described above; *i.e.*, Civil Action No. _____, [name of plaintiffs].

6. When a pleading or paper is filed and the caption, pursuant to Paragraphs 4 and 5, shows that it is applicable to "All Indirect Purchaser Actions," the Clerk of the Court shall file such pleading or paper in the Master File and note such filing in the Master Docket. No further copies need be filed or other docket entries made.

7. When a pleading or paper is filed and the caption, pursuant to Paragraph 5, shows that it is applicable to fewer than all of the Indirect Purchaser Actions, the Clerk of the Court shall file such pleading or other paper only in the Master File but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

8. All parties must comply with this Court's General Order No. 08-02, as modified and supplemented by the Initial Standing Order for Cases Assigned to Judge S. James Otero, this Case Management Order, and any subsequent orders of the Court. Notwithstanding Paragraph 4 of the Initial Standing Order for Cases Assigned to Judge S. James Otero, however, the parties shall have one court day after documents are filed through the Court's ECF system to submit the paper courtesy copy.

9. If they have not already done so, on or before March 14, 2008, all counsel of record for plaintiffs and defendants shall (a) register for electronic case filing (ECF); and (b) file a consent to electronic service, as that term is defined in General Order No. 08-02, so that service upon such counsel of an electronically filed document, court orders and court-generated documents is deemed complete upon the transmission of receipt of a note of electronic filing, as set forth in General Order No. 08-02, Part VII.A & B. Filing and service of documents by means of ECF shall satisfy any obligation to serve documents on the parties to the actions consolidated in MDL 1891, including any action subsequently governed by this Order. Any counsel of record for indirect purchaser plaintiffs who have not been designated as Interim Class Counsel may also register for ECF and file a consent to electronic service if they

wish to receive electronic service of documents filed with the Court, Court orders or other Court-generated documents. As service of all papers is accomplished automatically when documents are filed electronically, counsel who do not register for ECF will not receive orders filed by the Court or documents filed by the parties.

### INDIRECT PURCHASER PLAINTIFFS' INTERIM CLASS COUNSEL

10. The organizational structure of Interim Class Counsel for the indirect purchaser plaintiffs ("Interim Class Counsel") established by this Order shall bind plaintiffs' and defendants' counsel in the Indirect Purchaser Actions, including any action subsequently governed by this Order.

11. The Court appoints Coughlin Stoia Geller Rudman & Robbins LLP and Beck & Lee P.A. as "Interim Class Counsel" pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. This appointment is supported by the Declarations of Mary Lynne Calkins and Elizabeth Lee Beck filed concurrently herewith. All counsel for the indirect purchaser plaintiffs support this leadership structure. Defendants take no position as to this leadership structure. This leadership structure applies to all cases on behalf of indirect purchaser plaintiffs bringing state law claims that arise out of price-fixing allegations concerning Korea routes and that come before the Court.

12. Interim Class Counsel are authorized to receive orders, notices, correspondence, and telephone calls from the Court on behalf of all plaintiffs in the Indirect Purchaser Actions. Any agreements entered into by Interim Class Counsel with defendants or their counsel shall be binding on all plaintiffs in the Indirect Purchaser Actions. Interim Class Counsel shall assume and exercise the following powers and responsibilities:

  (a) Determine and present in pleadings, motions, briefs, oral argument or such other fashion as may be appropriate to the Court and opposing parties, the position of the indirect purchaser plaintiffs as to all matters arising during all pretrial and trial proceedings;

(b)  Conduct or coordinate discovery on behalf of the indirect purchaser plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure;

(c)  Enter into stipulations with opposing counsel for the conduct of the litigation;

(d)  Supervise and monitor the activities of the indirect purchaser plaintiffs' counsel and implement procedures to prevent unnecessary expenditures of time and funds by counsel;

(e)  Sign all papers filed or submitted on behalf of the indirect purchaser plaintiffs;

(f)  Conduct all pre-trial, trial and post-trial proceedings on behalf of the indirect purchaser plaintiffs;

(g)  Employ and consult with experts;

(h)  Convene and chair meetings of the Indirect Purchaser Plaintiffs' counsel as appropriate;

(i)  Conduct all negotiations and discussions with defendants, including settlement negotiations, as the sole persons authorized to do so on behalf of the indirect purchaser plaintiffs;

(j)  Make all work assignments, which shall be done in such a manner as to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense; and

(k)  Otherwise coordinate the work of all indirect purchaser plaintiffs' counsel, and perform such other duties as deemed necessary or as authorized by further order of the Court.

## PLEADING AND BRIEFING SCHEDULE

13.  The following schedule shall govern the Amended Complaint to be filed in the Indirect Purchaser Action(s) and any briefing with regard thereto:

14. No later than March 21, 2008, plaintiffs shall prepare and file through ECF a Second Amended Complaint that shall be deemed to supersede the complaints filed in each of the Indirect Purchaser Actions.

15. Each defendant shall file through ECF its response to the Second Amended Complaint on or before April 18, 2008. Defendants' respective memoranda in support of any motion to dismiss shall be filed concurrently with any motion and shall not exceed 25 pages in length.

16. Plaintiffs' oppositions to any motion to dismiss shall be filed through ECF on or before May 23, 2008. Opposition memoranda shall not exceed 25 pages in length.

17. Defendants' replies in support of any motion to dismiss shall be filed through ECF on or before June 6, 2008. Reply memoranda shall not exceed 10 pages in length.

18. The Court shall hold a hearing on any motions to dismiss on June 23, 2008, at 10:00 a.m., and shall also conduct a status conference at that date and time to schedule plaintiffs' motion for class certification, if not previously filed, and to schedule pretrial and other dates and deadlines.

19. Subject to further order from the Court, notwithstanding Local Rule 23-3, plaintiffs shall have an extension of time until 90 days after defendants file their answer to the Second Amended Complaint to move for class certification.

**ADMISSION TO PRACTICE; SUBSTITUTION OF COUNSEL**

20. Notwithstanding Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, counsel for any of the parties in the Consolidated Actions desiring to appear shall comply with the Court's rules for *pro hac vice* admission.

## MODIFICATION OF THIS ORDER

21. This Order may be modified or amended by the Court, or on motion by any party for good cause shown.

IT IS SO ORDERED.

DATED: _____
                                                THE HONORABLE S. JAMES OTERO
                                                UNITED STATES DISTRICT JUDGE

**RESPECTFULLY SUBMITTED BY:**

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
FRANK J. JANECEK, JR.
CHRISTOPHER M. BURKE
MARY LYNNE CALKINS

_____
MARY LYNNE CALKINS

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

BECK & LEE BUSINESS TRIAL
  LAWYERS
ELIZABETH LEE BECK
JARED H. BECK
28 West Flagler Street, Suite 555
Miami, FL 33130
Telephone: 305/789-0072
786/664-3334 (fax)

Attorneys for indirect purchaser plaintiffs Soon Ja Chun, Bernard Jung Kim and Elizabeth Bahn

**APPROVED AS TO FORM:**

HELLER EHRMAN LLP
ROBERT G. BADAL
JON L. REWINSKI
BETHANY L. MARVIN

_____
JON L. REWINSKI

333 South Hope Street, 39th Fl.
Los Angeles, CA 90071-3043
Telephone: 213/689-0200
213/614-1868 (fax)

Attorneys for Defendant
Asiana Airlines, Inc.

MORGAN LEWIS & BOCKIUS LLP
PETER E. HALLE
J. CLAYTON EVERETT, JR.

_____
PETER E. HALLE

1111 Pennsylvania Avenue, NW
Washington D.C.
Telephone: 202/739-3000
202/739-3001 (fax)

MORGAN LEWIS & BOCKIUS LLP
RICHARD LEE
ANDREA ORDIN
300 S. Grand Avenue, 22nd Fl.
Los Angeles, CA 90071
Telephone: 213/612-7267
213/612-2501 (fax)

Attorneys for Defendant
Korean Air Lines Co., Ltd.

S:\CasesSD\Korean Air\ORD0050020.doc

- 8 -

14

1 | **APPROVED AS TO FORM:**

2 | HELLER EHRMAN LLP
ROBERT G. BADAL
3 | JON L. REWINSKI
BETHANY L. MARVIN

5 | _____
JON L. REWINSKI

6 | 333 South Hope Street, 39th Fl.
Los Angeles, CA 90071-3043
7 | Telephone: 213/689-0200
213/614-1868 (fax)

8 | Attorneys for Defendant
9 | Asiana Airlines, Inc.

10 | MORGAN LEWIS & BOCKIUS LLP
PETER E. HALLE
11 | J. CLAYTON EVERETT, JR.

12 | _____
PETER E. HALLE

13 | 1111 Pennsylvania Avenue, NW
14 | Washington D.C.
Telephone: 202/739-3000
15 | 202/739-3001 (fax)

16 | MORGAN LEWIS & BOCKIUS LLP
RICHARD LEE
17 | ANDREA ORDIN
300 S. Grand Avenue, 22nd Fl.
18 | Los Angeles, CA 90071
Telephone: 213/612-7267
19 | 213/612-2501 (fax)

20 | Attorneys for Defendant
Korean Air Lines Co., Ltd.

24 | S:\CasesSD\Korean Air\ORD0050020.doc